PURDY v. SISTARE, appellant.

*Statute of limitations — does not run upon an admitted trust.*

In 1865 plaintiff deposited negotiable bonds with defendant under the agreement that defendant should sell the bonds, reimburse himself for an advance made plaintiff, and account to plaintiff for the surplus. In 1868 plaintiff asked for an account, which defendant promised but neglected to give. In 1872 plaintiff again asked for an account, when defendant repudiated the claim. *Held*, that the pledge of the bonds, with power of sale, created a direct trust upon which the statute of limitations did not commence to run until the defendant repudiated the same in 1872

APPEAL from an order of the special term directing an accounting. The action was brought in Richmond county by Henry B.

Purdy against George K. Sistare for an accounting, and such judgment as should appear proper after such accounting. The material facts appear in the opinion.

*Robert Ludlow Fowler*, for appellant, cited *Craig* v. *Hyde*, 24 How. 313 ; Van Santv. Eq. Pl. 469 ; *Mad. Av. Bap. Ch.* v. *Mad. Av. Bap. Ch.*, 26 id. 73 ; *Mut. Benefit Ins. Co.* v. *Supervisors of N. Y.*, 32 id. 359 ; *Kane* v. *Bloodgood*, 7 Johns. Ch. 110; *Sturt* v. *Mellish*, 2 Atk. 612; *Borst* v. *Corey*, 15 N. Y. 506 ; *Porter* v. *Spencer*, 2 Johns. Ch. 169, 171; *Markham* v. *Jaudon*, 41 N. Y. 236; *Stackhouse* v. *Barnston*, 10 Ves. 453, 466; *Roberts* v. *Sykes*, 8 Abb. 349; *Coxan* v. *Lyon*, 2 Campb. 307, *n.;* 2 Greenlf. on Ev., § 12; *Clark* v. *Ford*, 3 Abb. N. S. 245; *Humbert* v. *Trinity Church*, 24 Wend. 587; *Elwood* v. *Deifendorf*, 5 Barb. 411.

*Robert Christie*, for respondent.

TALCOTT, J. This is an action for an accounting. The findings of fact are in substance — so far as it is necessary to notice them, that on the 27th of June, 1865, the plaintiff, being about to leave the State, delivered to the defendant, a banker in New York, bonds of the city of Trenton, to the amount at par of $2,000, with interest, under the agreement that the defendant should advance the plaintiff $1,200, and should dispose of the bonds when a favorable market occurred, and should deduct from the proceeds the said $1,200, with such interest as might have accrued thereon, and the commissions of the defendant, and should account to the plaintiff for the surplus. The plaintiff returned from California in August, 1868, and requested from the defendant an account of the sales or other disposition of the bonds and the proceeds. The defendant promised and agreed to render such account, but failed to do so before the plaintiff returned to California, which was in the following month.

The plaintiff returned from California in August, 1872, and in September of that year again called upon the defendant for an account of the proceeds of the bonds, whereupon the defendant repudiated the claim of the plaintiff.

The court has ordered an accounting.

The only question made on the part of the defendant, and which demands any attention, is that arising upon the statute of limita-

tions. The pledge of the bonds with the power of sale created a direct trust. Angell on Lim., § 178. By the transaction as found, the defendant became the trustee and agent of the plaintiff. In such cases the statute does not begin to run, as a general rule, unless there be an open denial or repudiation of the trust or some notice of an adverse claim. So long as the trustee and agent obeys his instructions, no action lies against him; and if there be any money in his hands, no action lies against him till after demand and refusal to pay. So far as appears, the defendant did nothing in violation of his trust, or contrary to his instruction or duty until September, 1872. No cause of action therefore existed against him until that time. Angell on Lim., §§ 173, 174, 179, 180, and cases cited. This suit was commenced in November, 1872, within three months after the first time when the defendant had assumed to repudiate his trust and duty to the plaintiff. The order that the defendant shall account is just and proper.

The justice at the special term seems to have made an inadvertent mistake as to the amount of advance upon the bonds. The complaint expressly states the amount of the advance to have been $1,250. The omission to notice this at the special term was doubtless an inadvertence which would have been corrected had attention been called to it. The findings are correct by inserting $1,250 in place of $1,200, whenever the latter occurs in the pleadings, and a new trial is denied.

*New trial denied.*